**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CURTIS THROWER,  :
 : Civil Action No. 09-5864 (KSH)
       Plaintiff,  :
 :
 :
v.  : **OPINION**
 :
EDWARD DEFAZIO, et al.,  :
 :
       Defendants.  :

**APPEARANCES:**

    CURTIS THROWER, Plaintiff <u>pro se</u>
    #222362
    Hudson County Correctional Center
    B-1E
    35 Hackensack Avenue
    South Kearny, New Jersey 07032

**HAYDEN**, District Judge

    Plaintiff, Curtis Thrower, a state inmate currently confined at the Hudson County Correctional Center in South Kearny, New Jersey, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff, Curtis Thrower ("Thrower"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the Hudson County Prosecutor, Edward DeFazio; Lieutenant Honey Spirito of the Hudson County Prosecutor's Office; and "all Jane and John Does (0-100).[1] (Complaint, Caption and ¶¶ 5b and 5c). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Thrower alleges that, on or about July 31, 2009, he was sexually assaulted by unknown inmates while he was confined at the Hudson County Correctional Center ("HCCC"). Thrower was told that the matter would be investigated by the Prosecutor's Office, as well as the Internal Affairs Department at the HCCC. While being treated at the hospital, a rape kit was taken and sent to the Prosecutor's Office for analysis.

---

[1] Although Thrower names numerous John and Jane Does in the caption of his Complaint, he does not assert any allegations pertaining to these Doe defendants in the body of the Complaint. Because plaintiff does not set forth any allegation of wrongdoing by these fictitious defendants, they will be dismissed from the Complaint for failure to state a claim.

2

Thrower states that he was not interviewed by the Prosecutor's Office until September 9, 2009. On that date, when he asked defendant Spirito why it had taken so long for the Prosecutor's Office to investigate, he was told that because the incident did not involve a correctional officer, the matter would be handled by Internal Affairs within HCCC.

Thrower also asked Spirito about the rape kit, which had not been analyzed at that point. He states that he wrote two letters to the Prosecutor's Office concerning the status of investigation and the rape kit. He attaches a letter from the Prosecutor's Office, dated October 20, 2009, that confirms that the rape kit was sent to the State Police Laboratory for analysis, but no results have been received at that time.

Thrower asks that a better system be implemented concerning inmate rape victims. He seeks $4 million in compensatory and punitive damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). <u>See also</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

However, recently, the Supreme Court refined this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[2] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

5

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." <u>Fed. Rule Civ. Proc.</u> 8(a)(2).

<u>Iqbal</u>, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

<u>Iqbal</u>, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before Twombly. Fowler, 2009 WL 2501662, *5. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that

---

[3] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

7

the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III. SECTION 1983 ACTIONS

Thrower brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. <u>ANALYSIS</u>

### A. <u>Prosecutorial Immunity</u>

Thrower asserts a claim against defendant, Edward Defazio, the Hudson County Prosecutor, for not pursuing a criminal investigation with respect to plaintiff's rape by unknown inmates at the HCCC. This defendant must be dismissed because prosecutors acting within the scope of their duties are absolutely immune from liability.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. <u>See</u> <u>Kalina v.</u>

Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence). See also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings); Schrob v. Catterson, 948 F.2d 1402, 1409-17 (3d Cir. 1991)(absolute immunity covers a prosecutor's actions in (1) creating and filing of an in rem complaint; (2) preparing of and applying for the seizure warrant; and (3) participating in ex parte hearing for the issuance of the seizure warrant).

Here, Thrower's allegations against DeFazio clearly fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution. Indeed, there are no allegations that DeFazio acted outside the scope of his prosecutorial role with respect to the investigation of Thrower's charges and the decision not to pursue a prosecution. This Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind. There is simply no liability for a prosecutor's decision not to prosecute a case. See Roe v. City and County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997); see also Botello v. Gammick, 413 F.3d 971, 977 (9th Cir. 2005)(decision not to prosecute cases is intimately tied to the judicial process and is thus entitled to absolute immunity), cert. denied, 546 U.S. 1208 (2006). Furthermore, Thrower attaches a letter to his Complaint confirming that the matter was investigated because the rape kit had been forwarded for analysis, and Thrower himself admits that the Prosecutor's Office came to interview him as part of their investigation. Because the attackers had not been identified, the decision to leave an internal investigation of the rape in the hands of the HCCC Internal Affairs department, as alleged, does not suggest prosecutorial misconduct. Moreover, there is no suggestion that the prosecutor impeded or advised the HCCC Internal Affairs

concerning their investigation of the rape.[4] Therefore, the Complaint against DeFazio must be dismissed for failure to state a claim and because this defendant is subject to absolute immunity from a lawsuit for damages.

B.  Failure to State a Claim Against Remaining Defendant

With respect to defendant Spirito, an investigator with the Hudson County Prosecutor's Office, the Complaint seems to allege that defendant is liable to plaintiff because she failed to properly investigate and file criminal charges against other individuals, namely, unknown inmate attackers, involved in the rape of plaintiff.  This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  See also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).

Therefore, the Complaint should be dismissed with prejudice, in its entirety, for failure to state a claim upon which relief

---

[4] This Court notes that Thrower has a pending action in this District Court, Thrower v. Alvies, et al., Civil No. 09-4296 (FSH), in which he has a claim against HCCC officials for their inaction regarding plaintiff's rape.

may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), with respect to this defendant.

## V. CONCLUSION

Therefore, for the reasons set forth above, plaintiff's Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2). It does not appear that plaintiff could amend his Complaint at this time to state a viable claim.

An appropriate order follows.

_____
KATHARINE S. HAYDEN
United States District Judge

Dated: January 5, 2010.